# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES OBELKEVICH and DIANA OBELKEVICH, | : | No. 3:18cv1111 |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the Court for disposition is Defendant Safeco Insurance Company's motion for partial summary judgment. The parties have fully briefed this matter, and it is ripe for disposition. For the following reasons, we will deny the motion.

**Background**

Plaintiffs James Obelkevich and Diana Obelkevich contracted with Defendant Safeco to provide insurance for their home at 134 Salem Mountain Road in Carbondale, Pennsylvania. (Doc. 17, Def's Mot. for Partial Summ. Judg. ¶ 1). On February 12, 2017, a fire damaged the plaintiffs' garage, and the plaintiffs notified the defendant on the same day. (Id. at ¶¶ 2–3). The plaintiffs, Matthew Considine, an employee of the defendant, and Jay Seeherman, the plaintiffs' public adjuster, inspected the loss on February 14, 2017. (Id. at ¶¶ 4–5).

The Fire Marshall Unit of the Pennsylvania State Police was unable to determine the origin and cause of the fire. (Id. at ¶ 7). As a result, personal property inspections took place on February 20th and March 1st. (Id. at ¶ 11). Liberty retained BrightClaim to create an inventory of the destroyed property. (Id. at ¶ 10). Brightclaim completed its inventory on March 6th, creating a list of approximately 627 items which another vendor, Replacement Source, valued at $50,867.94. (Id. at ¶¶ 15–17). In June 2017, Seeherman, plaintiff's public adjuster, sent Safeco a revised personal content inventory list containing approximately 568 items which he valued at a total of $221,922.20. (Id. at ¶ 20). When Considine reviewed the plaintiff's list and attached photographs, he did not believe that they justified the greater estimate, so he elected not to revise Safeco's personal inventory list. (Id. at ¶ 23).

Plaintiffs then filed an action in the Court of Common Pleas of Lackawanna County for breach of contract and bad faith on May 11, 2018, and the defendant removed the action to this court on May 30, 2018. (Doc. 1, Notice of Removal). After the close of discovery, the defendant moved for partial summary judgment on the claim of bad faith, bringing the case to its current posture. (Doc. 17, Def's Mot. for Partial Summ. Judg.).

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Plaintiff is a Pennsylvania citizen and the defendant is a citizen of Illinois. (Doc. 1, Notice of Removal ¶ 4). Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. §1332 ("District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114

F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  Int'l Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248.  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings and designate specific facts by the use of affidavits, depositions,

4

admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendant argues that summary judgment is appropriate because plaintiffs are unable as a matter of law to prove by clear and convincing evidence that the defendant acted in bad faith pursuant to 42 PA. CONS. STAT. § 8371. We disagree.

Section 8371 does not define "bad faith," but Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting that the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky )).

The law further provides: "To succeed in an action for bad faith, a plaintiff must show by clear and convincing evidence that the insurer lacked a reasonable

5

basis for denying benefits and that the insurer knew or recklessly disregarded its lack of a reasonable basis." Hayes v. Harleysville Mut. Ins. Co., 841 A.2d 121, 125 (Pa. Super. Ct. 2003) (internal quotation marks and brackets omitted).  This standard makes the question of bad faith very fact specific, depending on the treatment of the insured by the insurer.  Williams v. Nationwide Mutual Ins. Co., 750 A.2d 881, 887 (Pa. Super Ct. 2000).  The Pennsylvania Supreme Court has indicated that "the utmost fair dealing should characterize the transactions between an insurance company and the insured."  Dercoli v. Pennsylvania Nat'l Mut. Ins. Co., 554 A.2d 906, 909 (Pa. 1989) (quoting Fedas v. Ins. Co. of Pennsylvania, 151 A. 285 (Pa. 1930)).

Defendant argues that the plaintiffs have failed to meet the burden required to survive summary judgment with respect to their bad faith claim because the defendant made efforts to inspect the loss and attempted to obtain additional information about the damage.  (Doc. 18).  While the defendant may have initially made efforts to gather information surrounding the plaintiffs' loss, it does not necessarily follow that Defendant Safeco had a reasonable basis for denying the benefits.  In other words, just because an insurance company collected some information regarding a claim does not mean they had a reasonable basis for denying benefits.

The plaintiffs, on the other hand, have elicited several pieces of information which contribute to their bad faith claim. They have evidence that the defendant's agent did not know how Replacement Source obtained the price and depreciation schedule for their estimate, that the defendant's requirement for proof of the lost items was significantly burdensome, and that the defendant's adjuster failed to send a Proof of Loss. (Doc. 19-1, Considine Dep. at pp. 43:23–44:1, 81:9–82:18, 91:20–92:11); (Doc. 19-33, Considine June 16, 2017 E-mail).

Viewed in the light most favorable to the plaintiffs, these facts may show that Defendant Safeco knew it lacked a reasonable basis for failing to increase its estimate of the plaintiffs' personal property, or it recklessly disregarded its lack of a reasonable basis for doing so. Therefore, plaintiffs have sufficient evidence, which if credited by the factfinder, would support their bad faith claim making summary judgment for the defendant inappropriate here.

**Conclusion**

For the reasons stated above, Safeco's motion for partial summary judgment will be denied. An appropriate order follows.

**Date: June 20, 2019**　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**